1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG L.,

                     Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,

                   Defendant.

CASE NO. C19-5877-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

13

14

15

16

17

       Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

18

## **FACTS AND PROCEDURAL HISTORY**

19

20

       Plaintiff was born on XXXX, 1971.[1] He has a high school diploma, and previously worked as a temporary laborer, temporary line worker, and meat packer. (AR 543.)

21

22

       Plaintiff applied for DIB and SSI in December 2013. (AR 416-32.) Those applications

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

1   were denied and Plaintiff timely requested a hearing. (AR 308-10, 313-25.)

2   On July 1, 2015, ALJ Ilene Sloan held a hearing, taking testimony from Plaintiff, Plaintiff's

3   case manager, and a vocational expert (VE). (AR 74-128.) On November 24, 2015, the ALJ

4   issued a decision finding Plaintiff not disabled. (AR 19-33.) Plaintiff timely appealed. The

5   Appeals Council denied Plaintiff's request for review on April 24, 2017 (AR 1-6), making the

6   ALJ's decision the final decision of the Commissioner.

7   Plaintiff appealed this decision, and the U.S. District Court for the Western District of

8   Washington reversed the ALJ's decision and remanded for further administrative proceedings.

9   (AR 1496-1513.) On remand, ALJ Glenn G. Meyers held a hearing on April 18, 2019, taking

10  testimony from Plaintiff and a VE. (AR 1416-55.) At the time of the hearing, Plaintiff reported

11  that he began working at substantial gainful levels in May 1, 2016, busing tables and dishwashing,

12  and his attorney requested a closed period of disability prior to this date. (AR 1419-20.) On May

13  30, 2019, the ALJ issued a decision finding Plaintiff not disabled during the adjudicated period

14  from July 10, 2013, through May 1, 2016 (AR 1395-1407), and Plaintiff now seeks judicial review

15  of that decision.

16  **JURISDICTION**

17  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

18  **DISCUSSION**

19  The Commissioner follows a five-step sequential evaluation process for determining

20  whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must

21  be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

22  engaged in substantial gainful activity (SGA) during the adjudicated period from July 10, 2013,

23  through May 1, 2016. (AR 1399-1400.) At step two, it must be determined whether a claimant

suffers from a severe impairment.  The ALJ found severe Plaintiff's schizoaffective disorder, learning disorder, and post-traumatic stress disorder during the adjudicated period.  (AR 1400.) Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment during the adjudicated period. (*Id.*)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found that during the adjudicated period, Plaintiff was capable of performing a full range of work at all exertional levels, but with the following non-exertional limitations: he could perform unskilled, repetitive, routine tasks in two-hour increments.  He could not have contact with the general public.  He could work in proximity to but not in coordination with co-workers.  He could have occasional contact with supervisors.  He would have been 10% less productive than the average worker in the workplace, and would have been absent from work one day per month.  (AR 1400.)  With that assessment, the ALJ found Plaintiff unable to perform his past relevant work.  (AR 1405-06.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of performing other representative occupations, such as laundry worker II, hand packager, and industrial cleaner.  (AR 1406-07.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, and (2) assessing certain medical opinions.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective allegations for a number of reasons: (1) the inconsistency between his "generally benign presentation during appointments" and his allegation of frequent mental health symptoms; (2) his criminal history was a primary reason for his unemployment, rather than his impairments; (3) Plaintiff continued to work and look for work, which suggests that his limitations were not as restrictive as he alleged; (4) Plaintiff's activities showed that he was less socially restricted than he alleged; and (5) Plaintiff's ability to work at SGA levels since May 1, 2016, undermines his allegations because he testified that his anger problems worsened during the time that he has been employed.  (AR 1401-03.)

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  Plaintiff also argues that the ALJ recycled most of the same reasons that were found insufficient in the prior court remand order. The Commissioner's brief does not address Plaintiff's arguments regarding the prior court remand order or acknowledge that some of the ALJ's reasons have previously been found insufficient.

Comparing the prior ALJ decision to the current ALJ decision, the Court finds that both

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

decisions find Plaintiff's allegations to be inconsistent with normal findings found in the treatment record. (*See* AR 26-27, 1402-03.) The prior court remand order found this reasoning to be insufficient. (AR 1510-11.) Both decisions also found that Plaintiff's attempts to work and apply for jobs during the adjudicated period undermined his allegation of disability (AR 1403), and the prior court remand order found this reasoning to be insufficient. (AR 1511-12.) Both decisions also found Plaintiff's activities to be inconsistent with his allegations of social limitations (AR 1403), and again, the prior court remand order found this reasoning to be insufficient. (AR 1512.) Because the Commissioner provides no response to Plaintiff's argument that the ALJ erred in entering similar findings on remand, the Court assumes without deciding that these reason are erroneous and addresses in detail only the two reasons contained in the ALJ's decision that were not previously rejected: Plaintiff's criminal history as a primary barrier to employment, and Plaintiff's ability to work at SGA levels after the adjudicated period, even though Plaintiff testified that his symptoms worsened at that time.

As to the ALJ's reasoning regarding Plaintiff's criminal history, the ALJ cited evidence showing that Plaintiff's criminal history was a primary barrier to his employment. (AR 1403 (citing AR 1350, 1355, 1359).) Plaintiff agrees that his criminal history did impact his ability to find jobs, but contends that he never claimed to be unemployed based on his criminal history. Dkt. 11 at 14-15. This may be true, but it does not undermine the ALJ's reasoning, which is that if Plaintiff was unemployed due to his criminal history rather than his impairments, then this fact would undermine his allegation of disability. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). The ALJ cited evidence (AR 1350, 1355, 1359) suggesting showing that Plaintiff either was not hired or was not

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

eligible for various jobs that he was interested in, as a result of his criminal history, even though he was very motivated to work. This evidence supports the ALJ's interpretation of the evidence, and is a clear and convincing reason to discount Plaintiff's allegation of disability. *Cf. Djuana J. v. Berryhill*, 2019 WL 281288 at *11 (D. Or. Jan. 22, 2019) (finding that an ALJ's speculation that a claimant's criminal history could pose a barrier to employment (without any evidence in the record that it had actually posed a barrier) was not a clear and convincing reason discount the claimant's allegation of disability).

Even if this reason was not sufficient, the ALJ also cited another reason to discount Plaintiff's allegations: his ability to work since May 2016, despite testimony that his symptoms either remained constant or worsened during the time that he has been working. (*See* AR 1423-43.) Although Plaintiff contends that his testimony shows that he was only able to work because his medications "dialed in" (Dkt. 11 at 17-18), Plaintiff also repeatedly testified that his symptoms did not improve after he started working and that his medications before and after he started working only help sometimes, and that after he started working he sought more medication adjustments to allow him to maintain employment. (AR 1423-25, 1432-35.) When asked at another point to explain why he was able to work in 2016 but had not been able to before, Plaintiff explained that before he had been homeless and was not taking medications, but that once he got a job he was able to get his medications. (AR 1443.)

The record, however, does not indicate that Plaintiff began taking medications around the time he started working; instead, the record shows that Plaintiff first engaged with treatment from Dr. Hopfenbeck in July 2014, at which point he started new medications (AR 1303-05), and Dr. Hopfenbeck adjusted those medications at nearly every subsequent visit, in August 2014, September 2014, October 2014, February 2015, April 2015, May 2015, August 2015, September

2015, November 2015, April 2016, August 2016, November 2017, August 2018, and September 2018.  (AR 130, 1315, 1330, 1361, 1371-72, 1376-77, 1711, 1718, 1720, 1731, 1746, 1758, 1781-82, 1799, 1802.)  Furthermore, service providers worked with Plaintiff in 2014 and 2015 to help him get a job, and Plaintiff also reported working a number of odd jobs or temporary jobs during this time.  (*See, e.g.*, AR 1316-17, 1325, 1336, 1339-40, 1345, 1348-50, 1352, 1355, 1359-63, 1367-77, 1704, 1719, 1722, 1730, 1737.)  The ALJ reasonably interpreted the record as suggesting that if Plaintiff could work as of May 2016, he could also have worked beforehand, in light of his testimony that his symptoms remained the same or worsened during this time, and this finding constitutes a clear and convincing reason to discount Plaintiff's allegations of disability.

Thus, even if the ALJ did err to the extent that he cited reasons found insufficient in a prior court remand order, the ALJ's reasons discussed here are sufficient to support the ALJ's assessment of Plaintiff's allegations and render the errors harmless.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Medical evidence

Plaintiff argues that the ALJ erred in discounting the opinions of treating physician James Hopfenbeck, M.D., and examining psychologist Melanie Mitchell, Psy.D., for at least some of the same reasons that were previously found insufficient in the court remand order.  The Court will address each disputed opinion in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'"

1   reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted,

2   a treating or examining doctor's opinion may not be rejected without "'specific and legitimate

3   reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31

4   (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

5   Dr. Hopfenbeck

6          Dr. Hopfenbeck completed a form opinion in June 2015, describing Plaintiff's symptoms

7   and limitations and opining that his conditions prevented him from working even part-time. (AR

8   1380-87.) The ALJ summarized Dr. Hopfenbeck's opinion and explained that he discounted the

9   opinion as inconsistent with the contemporaneous treatment record, which documented Plaintiff's

10  "generally benign presentation" as well as his ability to engage in social activities. (AR 1404.)

11  The previous ALJ decision contained similar reasoning, which the prior court remand order found

12  to be insufficient. (AR 1499-1502.)

13         The ALJ also found that Dr. Hopfenbeck's opinion was inconsistent with Plaintiff's ability

14  to work at SGA levels since May 2016, particularly given that Plaintiff testified that his symptoms

15  worsened during that time. (AR 1404.) The ALJ logically found that because "the claimant

16  testified that his anger has worsened since May 2016," it followed that Plaintiff had been able to

17  "perform work consistent with the [RFC] prior to May 2016 and retained greater functional

18  capacity than opined by Dr. Hopfenbeck." (AR 1404.) As explained above, because the medical

19  record does not document significant improvement around the time that Plaintiff started working,

20  and Plaintiff himself disclaimed any such improvement in the hearing testimony (AR 1423-32),

21  the ALJ reasonably found that Plaintiff's demonstrated ability to work after May 2016 suggests

22  that he was also able to work before that time, in contrast to Dr. Hopfenbeck's opinion that Plaintiff

23  was not able to work even part-time at that time. This rationale is specific and legitimate, even if

the ALJ's other reasoning is erroneous in light of the prior court remand order.

Plaintiff likens the ALJ's reasoning to a finding that a person who ran a marathon after recovering from pneumonia would have been able to run the marathon even while still suffering from pneumonia. (Dkt. 11 at 17.) But here, Plaintiff told the ALJ that his symptoms did not improve before he started working, which, using the terms of Plaintiff's analogy, is akin to a statement that a person was able to run a marathon while still suffering from pneumonia, or at a time when his symptoms worsened. Although later parts of Plaintiff's testimony could be reasonably read to suggest that medication adjustments in 2016 contributed to his ability to work, the ALJ was not unreasonable in relying on Plaintiff's earlier testimony that his symptoms had not improved before he started working and in fact worsened during that time. The inconsistency between Plaintiff's hearing testimony/work activity and Dr. Hopfenbeck's opinion is a specific, legitimate reason to discount Dr. Hopfenbeck's opinion and the Court therefore affirms the ALJ's assessment of this opinion.

Dr. Mitchell

Dr. Mitchell examined Plaintiff in February 2014 and completed a DSHS opinion describing his symptoms and limitations. (AR 929-42.) The ALJ summarized Dr. Mitchell's opinion and explained that he gave it little weight because it was inconsistent with the many normal findings in the treatment record (which Dr. Mitchell did not review before rendering her opinion) as well as Plaintiff's social activities. (AR 1404-05.) The ALJ also found Dr. Mitchell's opinion to be inconsistent with Plaintiff's ability to engage in SGA since May 2016. (AR 1405.)

Plaintiff argues that the prior court remand order rejected the rationale that Dr. Mitchell's opinion was entitled to less weight because she was a one-time examiner and therefore less familiar with the longitudinal record (*see* AR 1503), and thus the ALJ erred to the extent that he

incorporated similar reasoning in the current decision.  Dkt. 11 at 9.

But the ALJ also cited Plaintiff's work activity since May 2016 as inconsistent with Dr. Mitchell's opinion that Plaintiff was unable to work due to his limitations.  This finding is reasonable in light of the inconsistency between Dr. Mitchell's opinion that Plaintiff's limitations were disabling, and yet Plaintiff was able to work at SGA levels by May 2016 and testified that his symptoms had not improved at that point.  Again, although Plaintiff emphasizes the other portions of his testimony where he suggests that he improved with medication after he started working (Dkt. 11 at 17), the ALJ did not err in considering the totality of his hearing testimony, wherein Plaintiff repeatedly stated that he did not experience significant improvement before he started working.  (AR 1423-32.)  The inconsistency between Plaintiff's hearing testimony/work activity and Dr. Mitchell's opinion is a specific, legitimate reason to discount Dr. Mitchell's opinion and the Court therefore affirms the ALJ's assessment of this opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>24th</u> day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10